Both of you have good trips back. Okay. Case 19-1224, United States v. Jeremy Glispie, and it's Ms. Ramee. Yes, Your Honor. Thank you. Good morning, Your Honors. Good morning. May it please the Court and Counsel. My name is Colleen Ramee, and I am here on behalf of Jeremy Glispie, the appellant in this case. I am here today for something a little bit different than we've seen in the past couple of cases. I'm here to ask this Court to revisit and in fact overrule its decision in Dawkins v. United States. Dawkins should be overruled because it misapprehends the meaning of the phrase without authority in the Illinois residential burglary statute. The arguments in this case seem to boil down to the question of whether the limited authority doctrine as promulgated under the Illinois law applies to the residential burglary statute. Though the Illinois Supreme Court has not expressly considered this question, the application of this doctrine is nevertheless clear under Illinois law. Now, you know, you didn't really respond to the government's suggestion that we certify the question to the Illinois Supreme Court. Does the defendant object to that course of action? Should we think that would be the proper way to proceed? Your Honor, certainly if this Court is inclined to uphold Dawkins, I would concur with that suggestion that you certify the question to the Illinois Supreme Court. However, it appears clear under Illinois law as it stands that this doctrine does apply. This Court has on many occasions looked to appellate courts, state appellate court decisions, as authoritative pronouncements of Illinois law. There's nothing that suggests that the Illinois Supreme Court would not believe, you know, would not consider that this doctrine applies to this identical language in the Illinois residential burglary statute that appears in the Illinois burglary statute and in the Illinois home invasion statute. All statutes use the same language, and the Court has applied this doctrine in both of the other situations. And so I don't believe that there's any reason to think that the Illinois Supreme Court would not agree that this doctrine applies in the same fashion to Illinois residential burglary. But certainly that would be, I don't think there would be anything improper about certifying the question. Ms. Romay, how would you have us factor in Michael Smith v. U.S., the 2017 opinion from Judge Easterbrook? Your Honor? On the issue of prior Illinois convictions for residential burglary being a predicate for violent felonies under the ACCA. Your Honor, I believe that the Smith opinion looked to the location element. And here, so I don't believe that that is controlling in this case. While ultimately it would address the same issue, that opinion, if my memory serves, really dealt with the locational element and whether or not that element was overbroad. In this case, I've argued that the unlawful entry or breaking and entering element is overbroad. Thank you. So, as I mentioned earlier, the relevant statutory text is identical in these three statutes to burglary and home invasion. The presumption of consistent usage should apply here. And there's nothing to indicate that it wouldn't apply, as all the statutes have similar purposes. Also, simple burglary is a lesser included offense in residential burglary. So, the only logical conclusion is that without authority means the same thing in residential burglary as it does in simple burglary. Moreover, the appellate courts have held that this applies since at least 1980 in People v. Fisher. And the Illinois jury instruction, pattern jury instructions, suggest that this doctrine applies. So, while I recognize that this court is reticent often to overturn precedent, we ask that this court look in this case at Dawkins and the way that it was decided on fairly limited briefing and limited ability to be able to make this determination. And because the limited authority doctrine holds that any entry into a public building or a private residence is inherently without authority when the entrant intends to commit a criminal act therein, where the limited authority doctrine applies, there is no independent unlawful entry requirement. Because then the Illinois law is clear that the limited authority doctrine does apply to residential burglary, we ask this court to hold that Illinois residential burglary statute is overly broad to be considered a generic burglary for the purpose of the Armed Career Criminal Act and remand this case for resentencing. And I'll reserve the remainder of my time if the court has no further questions. Thank you. Good morning, Your Honors. May it please the court. I'm Scott Simpson here on behalf of the United States. This case is very different from the last case that was before the court this morning. Judge Rovner observed that that case was a case of first impression. This one, thankfully, is extremely different. And it's remarkable, I think, that the defendant is very forthright in saying we're asking the court to overturn a prior precedent. They are acknowledging that the Dawkins case is controlling here, does address the issue. So this is an easy case because prior precedent resolves it. There are other easy cases. The court in Dawkins chose to publish its decision, and that, of course, made it binding precedent. And Judge Brennan asked about the Smith decision. That was only the year after the Dawkins decision. Smith is instructive, I think, in that the panel in Smith, which was an entirely different panel, I believe, than in Dawkins, acknowledged, recognized, and said that the court in Dawkins had ruled that residential burglary in Illinois is generic burglary for purposes of Taylor. If the limited authority doctrine applies only to locations that are open to the public, how can you explain the Illinois Supreme Court cases on home invasion? Is there some difference between residential burglary and home invasion that you think explains this? A couple of reasons, Your Honor, why we think the rulings on home invasion don't apply here. One of them is, of course, as the court has implied, the answer to that is no, that they are different elements. Home invasion requires an unauthorized entry followed by some sort of violence or threat of violence against the occupants. So home invasion doesn't have those separate elements of criminal intent and unlawful, unauthorized entry. So where you have those two separate elements in the residential burglary statute, that's one reason why we think the Illinois Supreme Court may well see them differently. Another thing, another actually incident in the state Supreme Court decisions is that in the Wilson case in 1993, the state Supreme Court, I would say, studiously avoided addressing the question as to whether the limited authority doctrine applies to residential burglary. They chose in that Wilson case in 1993 to resolve the case on a different basis to find that there was actually evidence that the entry was unauthorized and I believe it's the very last sentence of that Wilson decision. They said they are avoiding, they said they are not addressing the question as to whether the doctrine applies to home invasion. Your Honor, I think just a few more words, if I could, about the stare decisis issue. Obviously, one panel of this Court should not overrule another panel unless there is an intervening, controlling judicial decision or it's been overruled by statute and neither of those circumstances applies here. Stare decisis doesn't depend on the length of the prior decision or whether it considered or did not consider some argument that someone might later be able to come up with. The defendant's argument here obviously boils down to an argument that Dawkins was wrongly decided, but if that were an exception to stare decisis, then basically there would be no such thing as stare decisis. Your Honor, there are a number of different circumstances in the development of the state case law and the development of the statute I like to mention, but before I get to that, if I could address the fact, what we are simply asking the Court to do here, this Court, is to apply the Illinois residential burglary statute according to its plain language, which of course requires both unauthorized entry and criminal intent. This Court, we submit, should not interpret that statute contrary to its plain language where the State Supreme Court hasn't done that. Also, we need to stop and think where the State Supreme Court, which is the ultimate arbiter, the ultimate interpreter of the residential burglary statute, where the State Supreme Court has not applied the limited authority doctrine to the statute, what would happen if this Court now moved out ahead of the State Supreme Court and said, okay, the limited authority doctrine applies to the residential burglary statute and later on, perhaps even next year, we don't know when, later on the State Supreme Court actually addressed that direct issue, which it has not yet addressed, and decided no, the limited authority doctrine does not apply to residential burglary. In that event, the federal law on Illinois residential burglary  That's another reason why we strongly urge the Court not to get out ahead of what the State Supreme Court has not done in this instance. Would you concede that if the Illinois Supreme Court tells us that limited authority applies to the residential burglary statute, then the Illinois statute is broader than generic burglary? In other words, the defendant would prevail if limited authority applied, right? That would certainly be a harder case for us. I think, Your Honor, we'd have to look at exactly what the State Supreme Court said and what the facts of that case were, that hypothetical case. If it were a case where you had an invitee into a home where there were no signs of deceit, no false representation in order to get that invitation into the home, if that were the situation, then I think we would be in trouble in relation to the ACCA and residential burglary. Just a few points about the legislative history and the history of the state case law, Your Honors. One of the key things we need to look at here is that in 2010, the Illinois legislature added a new subsection to the residential burglary statute. The subsection A, which is a pretty much generic burglary, which requires both an authorized entry and criminal intent. In 2010, they added another subsection there, subsection A-5, they called it, which is a false representation provision. And that provision says if someone engages in false representation to enter their home with intent to commit theft or a felony, then that is also residential burglary. But we submit, Your Honors, that the very fact that the legislature added that provision to the statute in 2010 shows that subsection A requires both unauthorized entry and criminal intent because since subsection A-5 basically replaced the unauthorized entry with the false representation of A-5, if the limited authority doctrine applied to subsection A, the original provision, then that false representation provision would have been entirely unnecessary. Another point about the state Supreme Court, Your Honor. As the Court's aware, as was discussed in our briefing, the state Supreme Court very recently addressed this limited authority doctrine just last month in the Johnson decision. And I think that decision is remarkable as it describes the limited authority doctrine. It talks over and over about how the limited authority doctrine applies to buildings open to the public, to retail establishments and so forth. For example, in talking about the Weaver decision, the Supreme Court said that the lower courts had over and over numerous times had applied the Weaver decision to cases involving the unauthorized entry of a retail establishment. And the Court there never said or implied that Weaver, that the limited authority doctrine applies outside the context of buildings that are open to the public. Just one other point about the development of the statute and the case law, Your Honor. The limited authority doctrine was first adopted or first, at least first consolidated in the state Supreme Court's decision in Weaver, and that was 1968. At that time, the state actually did not have a residential burglary statute. That statute wasn't enacted until 1981. So necessarily, the Weaver decision can say nothing about the residential burglary statute. Thank you, Your Honor. Thank you very much. Ms. Romijn. Thank you, Your Honors. Most of those points have been addressed in my reply brief, but just a couple of points. Whether or not the home invasion statute includes a separate intent element, the language is identical. The without authority language is identical. And again, the residential burglary statute incorporates simple burglary inside of it. Why do you think the Illinois legislature added Section A5 to the residential burglary statute if limited authority applies? Why does limited authority not render that new section superfluous? I have to admit, Your Honor, I wish that the legislative history was a little bit more thorough on this point. When I did look into the legislative history, it was clear that one legislator had received a complaint from law enforcement that there was sort of a rash of individuals preying upon mostly elderly people and pretending to be from the power company or some utility company and gaining entry into their home on false pretenses in that manner. I honestly do not know why the legislature did not believe that the residential burglary statute already encompassed this situation. My reading of all the case laws suggests that it would encompass this situation, but the legislature adopted this without really any discussion, just sort of basically what I've just told you. And so that is unclear to me. But I would note that they applied the same language and the same amendment to the home invasion statute. And the home invasion statute very clearly already encompassed home invasion by deception, entry by deception, under the 1993 Illinois Supreme Court cases Peoples and Bush. So the other thing is that even after the statute had been amended, I think it was Peoples v. Scott, which I believe, if memory serves, was decided in 2010 in the Illinois Appellate Court, they looked at this without authority language and didn't have any discussion of subsection 85, but looked at the without authority language and continued to hold that that encompassed entry simply with the intent to commit a crime. And so for all these reasons, we ask that this court vacate and remand for resentencing. Thank you so much. Thank you, Your Honor. Thank you both so very much. Cases taken under advisement. And you two have good trips back. Thank you, Your Honor. Yeah.